IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            CIVIL ACTION NO. 5:02CV41
                             CRIMINAL ACTION NO. 5:99CR13-02
                             (JUDGE STAMP)

RONALD T. MASKO,

    Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 (b) BE DENIED

On October 28, 2005, the defendant, Ronald T. Masko, filed a Motion for Relief From Judgment denying his habeas petition under 28 U.S.C. § 2255, pursuant to Federal Rule of Civil Procedure 60 (b). The defendant seeks relief based on his claim that the District Court's August 28, 2003 Order Denying His Petition Under 28 U.S.C. § 2255 is wrongly decided. In response, the Government argues that the defendant, in seeking to have his sentence vacated, is essentially seeking relief under 28 U.S.C. § 2255. Because this would serve as a successive § 2255 motion for the defendant, the Government asserts that the defendant must seek an order from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider his motion. The defendant has requested a certificate of appealability on his motion filed under 28 U.S.C. § 2255 from the United States Court of Appeals which has been denied on at least two occasions: August 2, 2004 and November 5, 2004. The Fourth Circuit has also recently denied petitioner's motion to file a second or successive motion under 28 U.S.C. § 2255.

Federal Rule of Civil Procedure 60 (b) provides relief from a judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60 (b).

The Fourth Circuit has held that Rule 60 (b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995). In United States v. Winestock, 340 F. 3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts must treat Rule 60 (b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. § § 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish proper motions under Rule 60 (b) from "'successive [applications] in 60 (b)'s clothing.'" Id. at 207 (quoting Lazo v. United States, 314 F. 3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

2

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount of a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

The defendant is directly attacking his conviction and sentence in his Rule 60 (b) motion that amounts to an appeal of the decision on his motion for habeas relief, rather than claiming a defect in the collateral review process. Thus, his claim cannot stand unless properly brought after receiving a certificate of appealability or permission to file a second or successive § 2255 motion from the United States Court of Appeals for the Fourth Circuit. Because the Fourth Circuit has twice denied a certificate of appealability to Defendant on his § 2255 motion, and denied him permission to file a second § 2255 motion, it is recommended the Defendant's Rule 60 (b) motion be **DENIED**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[1]

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

3

The Clerk is directed to mail a copy of this report and recommendation to the *pro se* petitioner and any counsel of record.

DATED: February 1, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE