IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                Criminal Action No. 5:99CR13-02
                                    (Civil Action No. 5:02CV41)
RONALD T. MASKO,                                 (STAMP)

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
OVERRULING DEFENDANT'S OBJECTIONS**

I.   Procedural History

On October 28, 2005, the defendant, Ronald T. Masko ("Masko"), filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from a judgment denying his habeas petition under 28 U.S.C. § 2255. Masko seeks relief based on his claim that the district court's August 28, 2003 order denying his petition under 28 U.S.C. § 2255 was "wrongly decided."

This Court referred this motion case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of these matters. In response, the United States agues that Masko, in seeking to have his sentence vacated, is essentially seeking relief under 28 U.S.C. § 2255. Because this would serve as a successive § 2255 motion for Masko, the United States asserts that Masko must seek an order from the United States Court of Appeals for the Fourth Circuit

authorizing this Court to consider his motion.  Masko has requested a certificate of appealability on his motion filed under 28 U.S.C. § 2255 from the United States Court of Appeals which has been denied twice, first on August 2, 2004 and then on November 5, 2004.

On February 1, 2006, Magistrate Judge Seibert filed a report recommending that Masko's motion pursuant to Federal Rule of Civil Procedure 60(b) be denied.  The magistrate judge also informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation.  Masko filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made.  This Court has now made an independent de novo consideration of all of the matters now before it and is of the opinion that the magistrate judge's report and recommendation should be affirmed in its entirety.

## II.  Discussion

The magistrate judge recommended that Masko's motion under Federal Rule of Civil Procedure 60(b) be denied.  Masko filed objections to the magistrate judge's report and recommendation.  In his objections, Masko argues that the magistrate judge failed to support his recommendation with any legal reference.  Further, Masko contends that Judge Collins should have recused himself from

Masko's proceedings that occurred on March 24, 1982. Specifically, Masko contends that "[a] full disclosure at that time would have completely removed any basis for questioning the judge's impartiality and made it possible for a different judge to decide whether the interests - and appearance of justice would have been served by retrial." (Def.'s Objection at 4.) Finally, Masko asserts that this Courts refusal to recuse itself during the § 2255 proceedings is a "clear showing of impartiality." Id. This Court finds that Masko's objections lack merit.

A. <u>Federal Rule of Civil Procedure 60(b) Motion</u>

Federal Rule of Civil Procedure 60(b) provides relief from a judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The United States Court of Appeals for the Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas

3

claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995). In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003)(citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)), the Fourth Circuit further mandated that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206.

In Winestock, 340 F.3d at 200, the court described the method that courts should use to distinguish proper motions under Rule 60(b) from successive applications "in Rule 60(b)'s clothing." The court stated that:

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

In this action, Masko is directly attacking his conviction and sentence in his Rule 60(b) motion that amounts to an appeal of the decision on his motion for habeas relief, rather than claiming a defect in the collateral review process. This Court finds that his claim cannot stand unless properly brought after receiving a

4

certificate of appealability or permission to file a second or successive § 2255 motion from the Fourth Circuit. The Fourth Circuit has previously denied, on two separate occasions, a certificate of appealability to Masko on his § 2255 motion, and denied him permission to file a second § 2255 motion.

B. <u>Failure to Recuse</u>

Pursuant to 28 U.S.C. §§ 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where he has "personal knowledge of disputed evidentiary facts concerning the proceeding . . . ."

In his objections, Masko asserts that it is "inexcusable that Judge Collins failed to recuse himself on March 24, 1982." (Def.'s Objections at 4.) This Court notes that Masko's assertions do not relate to this criminal action. Masko was indicted in Criminal Action No. 5:99CR13, on February 3, 1999. This Court has no personal knowledge of a hearing held on March 24, 1982 before Judge Collins. Further, Masko fails to raise any evidence that he would be entitled to relief under Rule 60(b). Accordingly, Masko's objection that Judge Collins should have disqualified himself on March 24, 1982 lacks merit.

C. <u>Failure to be Present at Hearing</u>

In his objections, Masko asserts that "District Court's non-disclosure of the ex-parte juror contact evidentiary hearing of September 14, 1999, violated his due process rights to be present

5

for the hearing . . . ." (Def.'s Objections at 4.) This Court previously addressed this issue on June 13, 2003, in a memorandum opinion and order denying Masko's motion for recusal of Judge Stamp.

As stated in this Court's order, this Court has no personal knowledge of any ex parte communication between a witness and a juror during Masko's criminal trial. The record in this criminal action also shows no evidence of a hearing on September 14, 1999. Further, Masko presents no evidence to the contrary. Accordingly, Masko's objection that this Court violated his due process rights to be present for a hearing on September 14, 1999 is without merit.

### III. Conclusion

This Court finds that Magistrate Judge Seibert has examined all of the defendant, Ronald T. Masko's claims carefully and has provided clear explanations for his recommendations. After de novo consideration of the record, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation.

Accordingly, for the reasons stated above, it is hereby ORDERED that the defendant, Ronald T. Masko's motion pursuant to Federal Rule of Civil Procedure 60(b) is hereby DENIED WITH PREJUDICE and the defendant's objections are hereby OVERRULED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the defendant may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant and to counsel of record herein.

DATED: August 15, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE