IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Criminal Action No. 5:99CR13-02
                                            (STAMP)
RONALD T. MASKO,

    Defendant.

## ORDER DENYING THE DEFENDANT'S
## MOTION TO CORRECT OR REDUCE SENTENCE
## UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35

The defendant in the above-styled criminal action filed a motion requesting correction or reduction of sentence pursuant to Federal Rule of Criminal Procedure ("Rule") 35. The government filed a response in opposition, to which the defendant replied.

On September 2, 1999, this Court sentenced the defendant to 360 months imprisonment for conspiracy to possess with intent to distribute cocaine base; distribution of cocaine base; and two counts of interstate travel in aide of racketeering. On July 14, 2009, the defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the 2007 United States Sentencing Commission Guideline (U.S.S.G.) amendments, which lowered the penalties for many crack cocaine offenses listed in U.S.S.G. § 2D1.1 by two levels. This Court granted the motion and the defendant's sentence was reduced to 292 months.

On July 27, 2009, the defendant filed the present motion requesting correction or reduction of sentence pursuant to Rule 35,

which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  The defendant argues that this Court erred in its § 3582 resentencing by failing to cap his sentence at 240 months, which is the statutory maximum post-Apprendi v. New Jersey, 530 U.S. 466 (2000) for a drug conspiracy which does not list drug amounts.

This Court is bound by the Fourth Circuits ruling in United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009).  Under Dunphy, district courts during a § 3582 resentencing are prohibited from addressing reductions in sentence other than the two-level crack cocaine reduction.  Id. at 251-252.  Accordingly, the defendant's motion for additional reduction of his sentence is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail and to counsel of record herein.

DATED:   July 26, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE