IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  Criminal Action No. 5:99-CR-13-02

RONALD T. MASKO,

    Defendant.

## REPORT AND RECOMMENDATION
## DENYING DEFENDANT'S PETITION FOR NEW TRIAL

### I. Introduction

On August 28, 2007, Ronald T. Masko ("Defendant") filed a Petition for New Trial, Amendment of Judgment of Order of August 15, 2007, Pursuant to Fed. R. Civ. P. 59.[1] The Government did not respond.

### II. Facts

On February 3, 1999, Defendant was indicted by a grand jury for the United States District Court for the Northern District of West Virginia.[2] The indictment charged Defendant with conspiracy to possess with intent to distribute and to distribute marijuana, heroin, and cocaine a/k/a "coke" and "crack" in violation of 21 U.S.C. § 846 (Count 1); interstate travel in aid of racketeering narcotics (ITAR) in violation of 18 U.S.C. § 1952(a)(3) (Counts 14, 16, 18, and 20); distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 15, 17, and 19) and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1)

---

[1] Dkt. No. 491.

[2] Dkt. No. 1.

1

(Count 21).

Defendant pled not guilty and proceeded to trial. On June 14, 1999, the jury found Defendant guilty on Counts 1, 16, 17, 20, and 21.[3] Counts 14, 15, 18, and 19 were dismissed during the trial upon motion of the United States.[4] On September 2, 1999, Defendant appeared before the Court for sentencing. The Court determined that the guidelines provided for a sentencing range of 360 months to life and sentenced Defendant to 360 months on Count 1, 60 months on each of Counts 16 and 20, and 240 months on each of Counts 17 and 21, all to be served concurrently. The Court entered its judgment and commitment order on September 3, 1999.[5]

Defendant appealed his sentence to the Fourth Circuit Court of Appeals.[6] On August 9, 2000, the Fourth Circuit Court of Appeals found that the evidence supported the jury's verdict and affirmed Defendant's sentence.[7] Defendant then filed a petition for writ of certiorari with the United States Supreme Court. On April 2, 2001, the Supreme Court denied Masko's petition, and on May 21, 2001, the Supreme Court denied Defendant's petition for rehearing.

On April 1, 2002, Defendant, proceeding *pro se*, filed a motion pursuant to 28 U.S.C. §

---

[3] Dkt. No. 217.

[4] Dkt. No. 214.

[5] Dkt. No. 267.

[6] Dkt. Nos. 271 & 273.

[7] Dkt. No. 335; United States v. Masko, 229 F.3d 1145 (4th Cir. 2000)

2255 regarding his underlying sentence.[8] Defendant filed an amended motion on April 5, 2002,[9] and a supplemental motion on April 29, 2002.[10] On December 3, 2002, this Court entered a Report and Recommendation recommending that Defendant's motion be denied.[11] On August 28, 2003, the District Court entered an Order affirming and accepting this Court's Report and Recommendation dismissing Defendant's § 2255.[12] On October 27, 2005, Defendant filed a motion seeking relief from judgment of the District Court's August 28, 2003 decision denying Defendant's § 2255.[13] On February 1, 2006, this Court entered a Report and Recommendation recommending that Defendant's Relief from Judgment be denied because the motion for relief was a successive § 2255, which is only properly brought after receiving a certificate of appealability or permission to file a second or successive § 2255 motion from the Fourth Circuit.[14] On February 13, 2006, Defendant filed objections to this Court's Report and Recommendation.[15] On August 15, 2007, the District Court entered an Order affirming and adopting this Court's Report and Recommendation denying Defendant's motion for relief from

---

[8] Dkt. No. 359.

[9] Dkt. No. 361.

[10] Dkt. No. 366.

[11] Dkt. No. 383.

[12] Dkt. No. 408.

[13] Dkt. No. 460.

[14] Dkt. No. 474.

[15] Dkt. No. 475.

judgment.[16]

### III. Analysis

In his Petition for New Trial, Amendment of Judgment of Order of August 15, 2007, Pursuant to Fed. R. Civ. P. 59, Defendant argues that this Court should open the judgment, take additional testimony, amend findings of facts and conclusions of law, and direct entry of a new judgment.

Rule 59 provides that a court may grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . " Fed.R.Civ.P. 59(a)(1)(A). "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(b). The period in which to file a motion for a new trial commences on the date the judgment was entered, not the date the judgment was filed. Ramos v. Boehringer Manheim Corp., 896 F.Supp. 1213, 1214 (S.D.Fla. 1994). "Fed.R.Civ.P. 6(b) explicitly states that a district court 'may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e) and 60(b), except to the extent and under the conditions stated in them.' Fed.R.Civ.P. 59(b) states no exception . . . ." Bailey v. United States, 250 F.R.D. 446, 448 (D. Ariz. 2008) (quoting Fed.R.Civ.P. 6(b)).

Defendant's Motion must be denied for three reasons. First, Defendant's Motion is untimely. The District Court entered its judgment and commitment order on September 2, 1999. Therefore, Defendant had twenty-eight (28) days from the entry of the judgment to petition for a new trial. (Cite case). Defendant waited nearly eight years before filing this motion on August 28, 2007. Second, though the judgment was not entered until September 2, 1999, Defendant

---

[16] Dkt. No. 490.

previously filed a Renewed Motion for Judgment of Acquittal or in the alternative for a New Trial on June 21, 1999,[17] which was denied on August 31, 1999.[18] Finally, this motion was filed for relief from the Order adopting this Court's Report and Recommendation recommending that Defendant's motion for relief from judgment be dismissed. Thus, the motion did not seek a new trial on any specific issue in the underlying case.

Since the District Court's September 2, 1999 judgment and commitment order, Defendant has filed a plethora of motions and appeals presumably to see if something will stick. The current Petition for a New Trial is simply another meritless motion filed in hopes of some type of relief.

## IV. Recommendation

Based upon a review of the record, the undersigned recommends that Defendant's motion be denied and dismissed from the docket because the motion is untimely.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce,

---

[17] Dkt. No. 231.

[18] Dkt. No. 261.

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Defendant by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: August 3, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE