IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.
                                        Criminal Action No. 5:99CR13-02
RONALD MASKO,                  (Civil Action No. 5:02CV41)
                                                  (STAMP)

    Defendant.

**ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATIONS,
OVERRULING OBJECTIONS THERETO,
GRANTING MOTION TO MOVE COURT,
OVERRULING OBJECTIONS TO DEFENDANT'S ORDER
DENYING DEFENDANT'S MOTION TO COMPEL,
AND DEFERRING MOTION TO REDUCE SENTENCE**

I.  Procedural History

The pro se defendant, Ronald T. Masko ("Masko"), previously filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. This Court referred the case to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. That petition was ultimately denied and dismissed. The defendant thereafter filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). That motion was denied by this Court upon affirmance of the magistrate judge's report and recommendation.

Before this Court ruled on those objections, the defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c). This motion was also referred to the magistrate judge. A report and recommendation was entered recommending that this Court

deny the defendant's motion.  The defendant subsequently filed objections.  The defendant then filed a motion for new trial before that report and recommendation was reviewed by this Court.  The motion was again referred, a report and recommendation denying the motion was entered, and the defendant filed objections.

The defendant then filed a motion to move this Court to rule on his objections and a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).

## II. Background

Masko was named on nine counts of a 29-count indictment which was returned by a grand jury in the Northern District of West Virginia on February 3, 1999.  On June 14, 1999, a jury returned a guilty verdict against Masko on Counts One, Sixteen, Seventeen, Twenty and Twenty-One.[1]  Masko appealed his conviction to the United States Court of Appeals for the Fourth Circuit where defendant's conviction was affirmed on August 11, 2000.  See United States v. Masko, 229 F.3d 1145 (4th Cir. 2000), cert. denied, 532 U.S. 958 (2001).

## III. Applicable Law

Magistrate Judge Seibert informed the parties in each report and recommendation that if they objected to any portion of his recommendation for disposition, they must file written objections

---

[1] Masko was also named on Counts Fourteen, Fifteen, Eighteen and Nineteen, all of which were dismissed during trial on motion of the United States.

within fourteen days after being served with a copy of his recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's finding and recommendation will be upheld unless they are "clearly erroneous." Because an objection has been filed, this Court has now made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## IV. Discussion

A. Motion for Judgment on the Pleadings

In his motion for judgment on the pleadings, the defendant argues that because it had been more than a year since the last pleadings had been filed regarding his Rule 60(b) motion, that judgment on the pleadings was required. Further, the defendant claims that he is entitled to relief on his Rule 60(b) motion because this Court or the magistrate judge was required to recuse itself, and there has been a failure to disclose in this action. The defendant also requested a hearing in his motion for judgment on the pleadings.

The magistrate judge, in his report and recommendation, found that defendant's request for a hearing should be denied as the

defendant is not raising any new arguments which would require a hearing.  Further, the magistrate judge found that this Court's ruling on the report and recommendation denying the defendant's Rule 60(b) motion would moot his arguments in the motion for judgment on the pleadings.

In his objections, the defendant argues that because the magistrate judge had required the government to respond to the defendant's Rule 60(b) motion, then a finding that his Rule 60(b) motion was second or successive was in error.  Further, the defendant reinstates his request for a hearing, contending that it is needed to consider the magistrate judge's finding that his motion was second or successive.

After those objections were received, this Court entered an opinion and order affirming and adopting the magistrate judge's report and recommendation denying the defendant's Rule 60(b) motion.  ECF No. 490.  For the reasons stated in that order, this Court now finds that the defendant's motion for judgment on the pleadings is without merit and is otherwise moot. Additionally, as the magistrate judge noted, the defendant is not raising novel or new arguments for which a hearing is required and thus that request is also denied.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (A hearing is mandatory "[u]nless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief.").

B.   <u>Motion for New Trial</u>

The defendant filed a motion for new trial, pursuant to Federal Rule of Civil Procedure 59, in response to this Court's affirmation of Magistrate Judge Seibert's February 1, 2006 report and recommendation on the defendant's Rule 60(b) motion. The defendant claims the Court has misconstrued and/or overlooked objections of merit and the factual record offered by the defendant. The defendant makes four objections.

First, he argues that this Court failed to address the defendant's direct attack of his conviction and sentence. This Court addressed this claim in its order adopting and affirming that recommendation and stated that the defendant's motion was simply a successive application "in Rule 60(b)'s clothing." ECF No. 490 at 4.

Second, the defendant argues that "this Court failed to address the law or factual references of the Court of Appeals where it authorizes this Court to deny The defendant Rule 60(b) motion to overcome the de novo requirements and or to circumvent the strict requirements of Rule 60(b)." This Court also addressed this fact in its opinion and order referenced by the defendant. <u>See</u> ECF No. 490 at 5.

Third, the defendant claims that this Court did not look, or address, the 87-page appendix to his Rule 60(b) motion in his objection that this Court violated his due process rights to be present for a hearing on September 14, 1999. In this Court's

5

opinion, affirming and adopting the magistrate judge's report and recommendation, in Section C of the discussion, this Court states that it has no personal knowledge of any ex parte communication between a witness and a juror and has no evidence of a hearing on September 14, 1999. ECF No. 490. The Court states that the defendant has shown no evidence to the contrary. He pleads with this Court to re-examine the exhibits.

Fourth, and finally, the defendant argues that this Court should have considered whether Judge Collins should have disqualified himself on March 24, 1982. This Court stated in its opinion and order that the defendant's assertions do not relate to this criminal action and that the claim lacked merit. ECF No. 490.

Magistrate Judge Seibert entered a report and recommendation recommending that this Court deny the defendant's motion for a new trial. The magistrate judge states the petition must be denied because (1) it is untimely; (2) the defendant previously filed a renewed motion for judgment of acquittal or in the alternative for a new trial in 1999, which this Court denied; and (3) this motion was filed for relief from the order adopting the magistrate judge's report and recommendation recommending that defendant's motion for relief from judgment be dismissed.

The defendant filed objections. The defendant takes issue with each of the three reasons the magistrate judge stated the defendant's motion should be denied and argues that the reasons are without merit.

6

This Court agrees with the magistrate judge that the defendant's motion for a new trial is untimely as it was filed nearly eight years after this Court entered its judgment and commitment order on September 2, 1999. Additionally, the issues raised by the defendant are likely precluded by the fact that the defendant had filed a renewed motion for judgment of acquittal or in the alternative for a new trial on June 21, 1999, which was later denied. ECF Nos. 231, 261. Finally, the defendant's motion is also without merit as this Court has previously noted in its order affirming the report and recommendation of the magistrate judge denying the defendant's motion for reconsideration (ECF No. 490) which was noted above in this Court's review of the defendant's contentions.

C.  Motion to Compel

In his motion to compel, the defendant argues that this Court should allow the defendant to conduct discovery on his claims that there was jury tampering and whether the defendant was present during an alleged hearing regarding jury tampering. The defendant provides two affidavits, one from Yvonne Hoberek, the daughter of a co-defendant in the defendant's case, and Stanley Hoberek, the co-defendant. Ms. Hoberek states in her affidavit that she witnessed the United States' lead investigator talking to a juror and that she heard them discuss the temperature of the courtroom. Mr. Hoberek states that he was present at a jury tampering hearing at which the defendant was not present.

In his order denying the motion to compel, the magistrate judge noted that he had already addressed the issues raised by the defendant in his report and recommendation denying the defendant's motion for a new trial. Further, the magistrate judge noted that the defendant filed his motion to compel two weeks after the magistrate judge entered that report and recommendation. Thus, the magistrate judge found that the defendant's motion to compel be denied without prejudice depending on how this Court found on his report and recommendation denying the defendant's motion for a new trial.

In his objections, the defendant reinstates his previous objections to other report and recommendations the magistrate judge has filed. Further, the defendant objects to the magistrate judge's alleged failure to consider the United States Constitution and applicable law.

This Court must affirm the magistrate judge's findings in part as this Court finds that the defendant's motion to compel should be dismissed with prejudice. For the reasons stated above in regard to the defendant's motion for a new trial, this Court finds that the defendant's arguments in his motion to compel are without merit and thus, this motion must be denied with prejudice.

D. <u>Motion to Move this Court to Consider Objections</u>

As this Court is now ruling on the defendant's objections to the magistrate judge's order denying the defendant's motion to

compel, this Court grants the defendant's motion to move this Court to consider his objections.

E.  Motion to Reduce Sentence

This Court notes that the defendant has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) regarding the sentencing amendment to the United States Sentencing Guidelines which reduced the base level for drug offenses two levels. This Court notes that the Federal Public Defender's Office for the Northern District of West Virginia, United States Probation Office for the Northern District of West Virginia, the United States Attorney for the Northern District of West Virginia, and this Court are all working diligently to determine who is eligible for that reduction. However, such determinations have not yet been finalized. Accordingly, the defendant's motion is premature and this Court must defer ruling on that motion.

V.  Conclusion

For the reasons set forth above, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendations (ECF Nos. 483 and 588) in their entirety and DENIES defendant's motion for judgment on the pleadings (ECF No. 482) and motion for new trial (ECF No. 491). Further, the defendant's objections thereto and the defendant's objections to the magistrate judge's order denying his motion to compel are OVERRULED AS FRAMED. This Court finds that the magistrate judge's order that the defendant's motion to compel be dismissed without prejudice should be overruled insofar as this

Court finds that the defendant's motion to compel should be DENIED WITH PREJUDICE.

Additionally, the defendant's motion to move the Court to consider his objections (ECF No. 621) is GRANTED. Finally, the defendant's motion to reduce sentence (ECF No. 633) is DEFERRED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    January 20, 2015

>                    /s/ Frederick P. Stamp, Jr.
>                    FREDERICK P. STAMP, JR.
>                    UNITED STATES DISTRICT JUDGE